

FILED
May 24, 2022
12:15 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD


## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Donnelle Reed | )    Docket No.    2021-04-0295 |
| | ) |
| v. | )    State File No.   33455-2020 |
| | ) |
| Express Employment Professionals, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

### Reversed and Remanded--Corrected

In this appeal, the employer contends the trial court erred in denying its motion for summary judgment. The employer asserted that the employee did not file a timely petition for benefit determination while the employee claimed he filed a petition prior to the employer's last payment of benefits. The trial court determined a genuine issue of material fact existed as to whether the statute of limitations barred the employee's claim and denied the employer's motion for summary judgment. The employer has appealed, arguing the trial court erred in concluding there were genuine issues of material fact regarding the timeliness of the employee's petition for benefits. Having carefully reviewed the record, we conclude there are no genuine issues of material fact. Accordingly, we reverse the trial court's order and remand the case for the trial court to enter an order granting the employer's motion for summary judgment and dismissing the employee's case with prejudice.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner joined.

Trent M. Norris, Brentwood, Tennessee, for the employer-appellant, Express Employment Professionals

Donnelle Reed, Cookeville, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

On May 18, 2020, Donnelle Reed ("Employee") was working in a distribution center for Express Employment Professionals ("Employer") when he allegedly tripped

over a piece of wood while lifting a box to place it on a pallet. Employee reported landing on his left side on the concrete, injuring the left side of his head, left shoulder, and left arm. Employer filed a first report of injury, initially accepted compensability of Employee's claim, and authorized medical treatment. Thereafter, Employer issued a notice of denial on June 17, 2020, asserting there was "no injury by accident per TCA 50-6-102(14)." The last workers' compensation benefit paid by Employer for Employee's alleged injuries stemming from the May 18 work incident was issued on June 14, 2020.

On June 2, 2020, Employee communicated with an ombudsman from the Bureau of Workers' Compensation's Ombudsman Program and was provided a Petition for Benefit Determination ("PBD") form to complete. Employee asserts he emailed a completed PBD to the ombudsman on June 5, 2020. Employee received an email from the ombudsman, dated June 5, 2020, with the name and phone number of the adjuster assigned to the claim, the insurer's claim number, and the state file number assigned by the Bureau. On June 17, 2020, Employer issued a notice of denial, and on June 24, 2020, a different ombudsman emailed Employee and informed him that a copy of his petition needed to be sent to his employer and that the "Petition for Benefit Determination must be signed." Employee's filings in the Court of Workers' Compensation Claims included a copy of a petition for benefit determination identifying a date of injury of May 18, 2020, that was signed and dated June 24, 2020.[1] Employee also included a copy of an email indicating the petition was sent to three separate email addresses for Employer on June 24, 2020. There is no evidence in the record indicating that this petition was received or stamped "filed" by the Bureau or, more specifically, the Clerk of the Court of Workers' Compensation Claims.

On July 7, 2020, Jon Conway, the adjuster assigned to Employee's claim, sent an email to Employee stating:

> I am sure this sprain happened over a month ago but nonetheless I see you file[d] a Petition and I have requested a filed/stamped copy from the TN Department of WC[;] until then stop harassing me and Express.

More than one year later, on October 26, 2021, Employee filed a PBD specifying a date of injury of May 18, 2020, that was stamped "filed" by the Bureau. In December, 2021, Employee filed a request for an expedited hearing, and, on December 30, Employer filed its motion for summary judgment, contending Employee filed his claim outside the one-year statute of limitations set forth in Tennessee Code Annotated section 50-6-203(b)(2). In support of its motion, Employer filed a statement of undisputed material facts asserting in relevant part, as follows:

---

[1] In its order, the trial court incorrectly stated that Employee presented a "signed petition for benefit determination, dated June 5, 2020. He asserts that he filed the petition with the Bureau on June 5, 2020." Although Employee asserts he filed the petition on June 5, the petition Employee provided was signed and dated June 24, 2020.

1. Employee alleged he sustained an injury on May 18, 2020;
2. Employer's last payment of workers' compensation benefits for that date of injury was issued on June 14, 2020; and
3. Employee filed a petition for benefit determination on October 26, 2021.

In response, Employee filed several Rule 72 Declarations, testifying that he contacted an ombudsman on June 2, 2020, and filed a petition for benefit determination on June 5, 2020, which was later assigned state file number 3453-2020. In his Rule 72 declarations, Employee also testified that he discussed the petition with an ombudsman and emailed the Bureau regarding his petition. Employee claims the last conversation he had with an ombudsman occurred on June 24, and attached a copy of an email received from the ombudsman on June 24, 2020, stating:

> You need to send a copy to your employer the place that hired even if you no longer work for them and you and the carrier on the claim. The Petition for Benefit Determination must be signed.

In addition, Employee asserted he discussed his claim with Mr. Conway, who also received a copy of his petition.

On February 11, 2022, the trial court heard Employer's motion for summary judgment. Employee testified during the hearing that, on June 5, 2020, he sent his petition to an ombudsman and tried to "get things done and filed" but was unable to get a response back from his assigned ombudsman. Employee stated that he also sent a copy of the petition to his Employer, who corresponded with Employee before approving his claim. Employee testified that he did not understand why the June petition was not stamped "filed" and noted the October 26, 2021 petition was also sent to an ombudsman who then "sent it to Cookeville and it was a[n] easy process." When asked if he received anything or "file[d] any forms stamped by the [B]ureau prior to October 26th of 2021," Employee responded, "No. That's what I don't understand. 'Cause I was dealing with [the ombudsman] - - and then I was - - I don't understand why I wasn't - - if she received the file, I don't understand why you (inaudible) get a stamp." At the conclusion of the hearing, the trial court determined Employee successfully disputed Employer's statement of material facts with his Rule 72 declarations and pleadings. The court also noted Employee presented a signed petition for benefit determination dated June 5, 2020, and Employee asserted Employer "responded to him over the petition he filed on June 5, 2020." Thus, the trial court concluded there was a genuine issue of material fact as to whether the statute of limitations barred Employee's claim. Employer has appealed.

## Standard of Review

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye*

3

*v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In reviewing a trial court's decision on a motion for summary judgment, we are to review the evidence in a light most favorable to the nonmoving party and draw all reasonable inferences in favor of the nonmoving party. *Lyles v. Titlemax of Tenn. Inc.*, No. W2017-00873-SC-WCM-WC, 2018 Tenn. LEXIS 520, at *5 (Tenn. Workers' Comp. Panel Sept. 14, 2018). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

In its notice of appeal, Employer asserts the trial court erred by not granting its motion. Specifically, Employer contends that: (1) the June 24, 2020 PBD was not filed with the court clerk; (2) the only PBD stamped "filed" by the Bureau of Workers' Compensation was filed on October 26, 2021, after the statute of limitations had run; and (3) Employee "did not show that there is more than some metaphysical doubt as to the material facts." As a result, Employer maintains Employee's claim should be dismissed.

*Statute of Limitations*

With respect to the statute of limitations, Tennessee Code Annotated section 50-6-203(b)(2) (2021) provides as follows:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is *filed* with the bureau on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

(Emphasis added.) In its statement of undisputed facts, supported by the affidavit of Mr. Conway, Employer asserted that the last payment for benefits to or on behalf of Employee was made on June 14, 2020. Employee's petition for benefits was stamped "filed" on October 26, 2021, over one year after the date of Employer's last payment. Therefore, unless Employee's apparent attempt to file a petition on June 5, 2020 tolled the statute of limitations, the eventual filing of his petition in October was untimely.

4

*Filing of Petitions*

All hearings conducted by the Court of Workers' Compensation Claims are conducted in conformity with the Tennessee Rules of Evidence and the Tennessee Rules of Civil Procedure "unless an alternate procedural or evidentiary rule has been adopted by the administrator." Tenn. Code Ann. § 50-6-239(c)(1). Accordingly, we consider both the Rules of Civil Procedure and the rules and regulations applicable to the Bureau in examining the process for filing a petition for benefit determination.

Rule 3 of the Tennessee Rules of Civil Procedure provides that "all civil actions are commenced by filing a complaint *with the clerk of the court*." Tenn. R. Civ. P. 3 (emphasis added). In addition, "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint." *Id.* In *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117 & -0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31 (Tenn. Workers' Comp. App. Bd. July 27, 2016), we concluded that a petition for benefit determination is the Bureau's general equivalent of a complaint as contemplated by the Tennessee Rules of Civil Procedure. *Id.* at *17. Therefore, absent an alternate procedural rule adopted by the Bureau's administrator, all petitions for benefit determination must be filed with the Clerk of the Court of Workers' Compensation Claims in order to commence a cause of action for workers' compensation benefits.

In addition, Tenn. Comp. R. and Regs. 0800-02-21-.02(16) (2019) provides as follows:

> For purposes of this chapter, a document is considered filed: (a) on the date and time received by the clerk if hand-delivered to any bureau office during normal business hours; (b) on the date postmarked to the clerk if sent by U.S. certified or registered mail, return receipt requested, or its equivalent; (c) on the date the document reaches the clerk if transmitted by first-class mail, facsimile, or by electronic transmission approved by the bureau; or (d) on the date and time filed in TNComp.

Rule 0800-02-21-.02(16) identifies the clerk of the court as the designated agent of the Bureau for purposes of receiving documents to be filed with the court. Nothing in the statute or rules indicates that ombudsmen or ombudsmen-attorneys are designated by the Bureau to receive documents for filing with the Court of Workers' Compensation Claims. Accordingly, even if a signed petition had been sent to and received by an ombudsman, this would not constitute a filing under even the most expansive interpretation of the regulation.

In *Vickers v. Amazon*, No. 2018-06-0149, 2019 TN Wrk. Comp. App. Bd. LEXIS 52, at *7-8, (Tenn. Workers' Comp. App. Bd. Aug. 20, 2019), we addressed facts similar to those before us in this appeal. In *Vickers*, a legal assistant sent an email to an

ombudsman with a petition for benefits attached. *Id.* at *2. The email indicated the petition was being forwarded to the Bureau via U.S. mail, but there was no evidence that the email or petition was received by an ombudsman, by anyone else at the Bureau, or that the petition was stamped "filed." *Id*. at *2-3. Over a year later, counsel for the employer discovered that no petition was pending with the Bureau and submitted another petition that was then marked "filed." *Id*. at *3. The employer filed a motion for summary judgment, claiming that the employee's statute of limitations had expired. In granting the employer's motion and dismissing the case, the trial court reasoned that an unsuccessful attempt to transmit for filing a petition for benefits, absent proof that it had been received and filed, could not toll the statute of limitations. *Id.* at *3-5. We affirmed the trial court, concluding that "[a]n email sent to a Bureau ombudsman, even if a petition is attached to the email, does not comply with the filing requirements of the Tennessee Rules of Civil Procedure or the rules and regulations applicable to the Bureau and the Court of Workers' Compensation Claims." *Id.* at *10.

Here, Employer established through uncontradicted proof that the only petition stamped "filed" by the Bureau was the one filed by Employee on October 26, 2021, more than one year after the issuance of Employer's last voluntary payment of benefits. In response, Employee contends that a petition was submitted to the Bureau in June 2020; however, even if Employee had submitted a petition to an ombudsman on June 5, 2020 or June 24, 2020, neither submission would comply with the filing requirements necessary to commence a cause of action for workers' compensation benefits. Accordingly, we conclude Employer negated an essential element of Employee's claim, namely, the timely filing of a petition for benefit determination. *See* Tenn. Code Ann. § 50-6-203(b)(2). Employee's response, even when viewed in a light most favorable to Employee, was insufficient to establish this essential element of his claim or create a genuine issue of material fact. Thus, we reverse the trial court's order denying Employer's motion for summary judgment.

## Conclusion

For the foregoing reasons, the trial court's order is reversed. We remand the case for the trial court to enter an order granting Employer's motion for summary judgment and dismissing the case with prejudice. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Donnelle Reed | ) | Docket No. 2021-04-0295 |
| | ) | |
| v. | ) | State File No. 33455-2020 |
| | ) | |
| Express Employment Professionals, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of May, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Trent M. Norris | | | | X | tmnorris@mijs.com jkprendergast@mijs.com |
| Donnelle Reed | | | | X | don414@live.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

O. Yearwood

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov